UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JARED WHITTLESEY,<br><br>　　　　Defendant. | Case No. CR04-5598FDB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL |

Before the Court is the motion of Defendant Jared Whittlesey for release pending appeal pursuant to Title 18, United States Code, Section 3143(b), and Rule 9-1.2 of the Federal Rules of Appellate Procedure.

I.

On October 26, 2004, Defendant entered a plea of guilty to an Information charging one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). The Court sentenced Defendant to 48 months in prison. Defendant argues that the Court unreasonably relied on § 2G2.2 of the Sentencing Guidelines because the guideline was imposed by congressional fiat with no evidence statutory sentencing concerns were considered in its creation. Defendant also argues that the Court acted unreasonably in denying Defendant's request for

ORDER - 1

1 probation instead of prison time based on Defendant's medical condition.

2                                            II.

3       To grant bail pending appeal, a court must find:

4       (1)   that the defendant is not likely to flee or pose a danger to the safety of any other
5             person in the community if released;
6       (2)   that the appeal is not for purpose of delay;
7       (3)   that the appeal raises a substantial question of law or fact; and
8       (4)   that if that substantial question is determined favorably to defendant on appeal, that
9             decision is likely to result in reversal or an order for a new trial of all counts on which
10            imprisonment has been imposed.

11 *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (and cases cited therein).  The burden
12 of proving entitlement to bail pending appeal belongs to the defendant.  *Id*.  In this case, there is no
13 real concern that Defendant is likely to flee or pose a danger to the safety of any other person in the
14 community if released or that the appeal has been made for purpose of delay alone.  The real issue is
15 whether Defendant's appeal raises a substantial question of law or fact.

16      The Court finds that Defendant has failed to raise a substantial question of law or fact
17 regarding his conviction or the sentence imposed upon him.  Defendant's first argument regarding
18 the applicability of the Sentencing Guidelines and reasonableness of the Court's reliance on § 2G2.2
19 was settled by the Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005).  Defendant's
20 appeal, based on the Court's consideration of his medical conditions, is also not likely to result in a
21 reduced sentence.  The Court fully considered the Defendant's medical conditions and, given an
22 applicable sentencing guideline range of 63 to 78 months, gave Defendant a sentence below that
23 range in light of those medical conditions.

24      The Court finds that the Defendant has failed to present a substantial question of law or fact
25 that if determined favorably would likely result in reversal or remand for a lesser sentence.

26 ORDER - 2

ACCORDINGLY,

IT IS ORDERED:

(1)   Defendant's motion for order release pending appeal (Dkt.#31) is **DENIED**.

DATED this 15th day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3